UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CARL DOUGLAS WELLS,

                    Plaintiff,

v.                                                    CASE NO. 05-CV-60207-AA
                                                      HON. JOHN CORBETT O'MEARA
LIEUTENANT KORTE,
RICK VISEL, and JOHN DOE,

                    Defendants.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

Plaintiff Carl Douglas Wells has filed an application for appointment of counsel and a *pro se* civil rights complaint for money damages under 42 U.S.C. § 1983.  Plaintiff  is incarcerated at the Washtenaw County Jail in Ann Arbor, Michigan.  He has been granted leave to proceed without prepayment of the filing fee for this action.  Defendants Lieutenant Korte, Rick Visel, and John Doe are employed at the Jail.

Plaintiff alleges that he won $10,000 in a sweepstake and that defendant John Doe prevented him from claiming the award by placing a notification of the award in Plaintiff's property bag instead of showing it to him.  By the time Plaintiff learned of the award, the sixty-day period for claiming it had expired.  Plaintiff contends that John Doe precluded him from using the cash award to obtain a defense lawyer.

In a second unrelated claim, Plaintiff alleges that defendants Korte and Visel denied his request to make emergency telephone calls to his attorney, a county attorney, and the United

States Court of Appeals for the Sixth Circuit concerning one of Plaintiff's civil rights cases. Plaintiff alleges that the defendants deprived him of access to the courts by not permitting him to make the call.

## II.  Standard of Review

To successfully establish a *prima facie* case under § 1983, the plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law.  *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## III.  Discussion

The allegation about defendant John Doe is frivolous because the purported notification of a cash award was actually a letter inviting Plaintiff to enter a sweepstake.  Plaintiff was not promised or guaranteed $10,000 if he returned a form enclosed with the letter within sixty days. Even if the letter constituted notice of an actual award of cash, Plaintiff had no constitutional

right to the award.  Plaintiff was not deprived of a federal right and suffered no injury when John Doe allegedly prevented him from receiving the letter.

The allegations about defendants Korte and Visel also are frivolous.  Prisoners have a constitutional right of access to the courts, *Bounds v. Smith,* 430 U.S. 817, 821 (1977), but to prevail on a right-of-access claim, an inmate must demonstrate an "actual injury."  *Lewis v. Casey*, 518 U.S. 343 (1996).  "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Although Plaintiff  was not permitted to make the requested telephone calls, his documents were mailed to the appropriate parties, and he has not shown any prejudice as a result of not being able to make the calls.  He appears to have complied with all the deadlines in his pending appeal.  *See Wells v. Minzey*, No. 05-1824 (6th Cir. 2005).

### IV.  Conclusion

Plaintiff's allegations lack an arguable basis in law and are frivolous.  Accordingly, his application for appointment of counsel is denied, and his complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order also would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


                                        s/John Corbett O'Meara
                                        John Corbett O'Meara
                                        United States District Judge


Dated:  November 1, 2005

3